NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2317
_____

IN RE: TENNYSON WALTERS and
KARLENE A. RAWLE-WALTERS,
                                                    Debtors

NAHID TEHRANI

v.

TENNYSON WALTERS;
KARLENE A. RAWLE-WALTERS,
                                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-13-cv-06544)
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 15, 2016

Before: MCKEE, Chief Judge, AMBRO, and SCIRICA, Circuit Judges

(Filed: May 20, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Tennyson Walters and Karlene A. Rawle-Walters filed for Chapter 7 bankruptcy on April 21, 2010. In the bankruptcy proceeding, Nahid Tehrani obtained a final judgment declaring a debt the debtors owed Tehrani was non-dischargeable. Before the District Court, the debtors contended the bankruptcy judge erred by failing to disqualify herself from the proceeding. The debtors had not moved for the bankruptcy judge to disqualify herself in the Bankruptcy Court. The District Court found the bankruptcy judge did not err. We will affirm.[1]

The debtors appealed to the District Court on several grounds, contending the bankruptcy judge was biased, should not have given collateral estoppel effect to state court findings of fraud, and should not have denied certain cross-motions. Regarding the bias claim, they contended the bankruptcy judge was biased because of how she handled their case and her familiarity with Tehrani's attorney. In particular, the debtors stated Tehrani's attorney was related to a now-deceased judge for whom the bankruptcy judge clerked. The debtors also stated the bankruptcy judge was President of the Bankruptcy Inn of Court and that organization was "formed to honor [the now-deceased judge] and some other jurists." App. 22a (internal citation omitted). Furthermore, the debtors contended, "[i]t would be reasonable to assume therefore that [the bankruptcy judge] and [Tehrani's attorney] know each other very well" because Tehrani's attorney "has practiced in bankruptcy court for over two decades." *Id.* (internal citation omitted). The

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157(b)(1) and (b)(2)(I). The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 1291.

2

debtors also claimed the bankruptcy judge was biased because she decided seventeen "pleadings and motions" in favor of Tehrani. *Id.* Finally, the debtors contended there was a "pattern from the series of pleadings by plaintiff and the corresponding rulings by the court," designed so "[a]ll of the ducks would then be in line for the bankruptcy court to enter a nondischargeable judgment." *Id.* at 23a (internal citation omitted).

The District Court rejected these allegations of bias and affirmed the Bankruptcy Court on all issues the debtors raised. *Tehrani v. Walters*, No. 2:13–6544(KM), 2015 WL 1815510 (D.N.J. Apr. 21, 2015). On the bias claim, the District Court held even assuming all the debtors' allegations were true, "it comes nowhere near a showing of judicial bias requiring disqualification." App. 22a. In particular, it held "[i]t is unreasonable to infer bias based on [Tehrani's attorney's] regular practice of bankruptcy law in this district." *Id.* It noted "if an attorney could not litigate more than a certain number of cases in a particular court without creating an inference of bias, the judicial system might grind to a halt." *Id.* And the court found the debtors' contentions of bias regarding the bankruptcy judge's connections to the now-deceased judge to be "innocuous" and "wholly unpersuasive." *Id.* It rejected the debtors' claim the bankruptcy judge was biased because she decided in Tehrani's favor. As the court stated, "[a] losing streak, without more, is not suggestive of bias; it ordinarily reflects nothing more or less than the judge's view of the merits." *Id.* Finally, the court held there was "nothing erroneous, let alone improper," about the court's procedural actions (lifting the automatic stay to permit state court proceedings to go forward, then adopting the state court's findings of fraud by way of collateral estoppel). *Id.* at 23a.

On appeal, the debtors present one issue for review: whether the District Court erred in finding that the bankruptcy judge did not err by failing to disqualify herself from their bankruptcy proceeding.

"Where a party has not requested that the district judge recuse himself or herself during proceedings in the district court, we review a recusal argument made on appeal for plain error." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 166 (3d Cir. 2004). This standard applies with respect to bankruptcy court proceedings as well. "For reversible plain error to exist, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Moreno*, 809 F.3d 766, 773 (3d Cir. 2016) (internal quotation marks omitted).

A judge must "disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2012). "Under § 455(a), if a reasonable [perso]n, were [that person] to know all the circumstances, would harbor doubts about the judge's impartiality . . . , then the judge must recuse." *Selkridge*, 360 F.3d at 167 (internal quotation marks omitted).

The debtors contend, as they did in the District Court, that a "review of . . . relationships in the bankruptcy case demonstrates that there was impropriety or/and an appearance of impropriety." Appellants' Opening Br. 14 (emphasis removed). But as the District Court correctly pointed out, "[t]he facts . . . do not raise any reasonable inference of bias." App. 21a. This conclusion was not plain error. Even if the contentions the debtors made in the District Court were true, none of them would cause an objective

4

observer to question the bankruptcy judge's impartiality in this case, as required by section 455(a). We refer the parties to the District Court's well-reasoned analysis of the debtors' claims of judicial bias, quoted above, which addresses these contentions. App. 21a–23a. We see no error that is plain, affects substantial rights or which seriously affects the fairness, integrity or public reputation of judicial proceedings.

In addition to renewing arguments they made in the District Court, the debtors contend for the first time before us that the bankruptcy judge sat on cases in which her sister, or that sister's firm, represented a litigant. There is no allegation that the sister played any role in this case. Because the debtors did not raise their contention about the sister before the District Court, we decline to consider it.

For the foregoing reasons, we will affirm the judgment of the District Court.